# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WOOLMAN OVAL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF MICHAEL A. WEISMAN, et al.,<br><br>Defendants | 2:09-CV-177 JCM (LRL) |

### ORDER

Presently before the court is appellant Woolman Oval Holdings, LLC's (hereinafter "Woolman") motion for judgment (doc. # 18), and motion to amend/correct judgment. (Doc. # 19). Receiver Federal Deposit Insurance Corporation (hereinafter "FDIC") filed a limited joinder to the motion for judgment (doc. # 21), and an opposition to the motion to amend/correct judgment. (Doc. # 20). Woolman then filed replies in support of both motions. (Doc. ## 22, and 23).

This case originated with a complaint filed by Michael A. Weisman in Clark County district court against Washington Mutual Home Loan (hereinafter "WaMu") claiming wrongful foreclosure and breach of contract, involving his property located at 9008 Crystal Glass Drive, Las Vegas, Nevada 89117. As the beneficiary of the deed of trust and promissory note secured by the property, and after Weisman stopped making payments, WaMu sold Weisman's property at a foreclosure sale to Woolman. When eviction proceedings began, Weisman filed the state court action against Woolman and WaMu; Woolman then filed a counterclaim against Weisman, and a cross-claim against WaMu.

**James C. Mahan**
**U.S. District Judge**

After the state court held that the foreclosure sale was wrongful, the trial court held a settlement conference, and decided that title to the property be quieted to Weisman. Woolman complied with this decision. However, prior to the completion of the settlement between Weisman and WaMu, Weisman died, and WaMu's priority lien position was extinguished.

The trial court then ordered Weisman's estate to sell the property and repay WaMu the additional funds. However, the parties later discovered that an Internal Revenue Service (IRS) tax lien in the amount of $275,000 had attached to the property. Therefore, sale of the property was not possible.

After considering Woolman's cross-claim against WaMu, the trial court held that Woolman was not entitled to expectation or contract damages, but was only entitled to recover the amount paid for the property, including interest, and attorney's fees and costs. The parties then appealed this decision to the Nevada Supreme Court. In 2008, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for Washington Mutual Bank ("WaMu Bank"), the company into which WaMu Home Loan was merged.

In January 2009, the FDIC filed with the Nevada Supreme Court a motion to substitute, and a motion for stay pending exhaustion of the mandatory administrative claims process. The Nevada Supreme Court granted the stay in accordance with the administrative process mandated by 12 U.S.C. §§ 1821(d)(3)-(13). Subsequently, the FDIC removed the action to this court.

A.   Motion for Judgment

When a case is removed from state appellate court to this court, the Ninth Circuit has held that the district court must follow the 'hybrid' approach for addressing the case. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1237 (9th Cir. 1994). Having found that removal is proper, the district court may "adopt the state court judgment as its own." *Id.* at 1238. After adopting the state court judgment, the parties may file post-judgment motions or a timely notice of appeal.

Here, the parties jointly request that this court adopt the state court's judgment. Therefore, in accordance with the procedure's adopted by the Ninth Circuit, this court enters judgment adopting

James C. Mahan
U.S. District Judge

1  the state court's judgment.

2  B.   Motion to Amend Judgment

3  Federal Rule of Civil Procedure 59(e) allows a district court to reconsider and amend a previous order.  According to the Ninth Circuit, this rule provides "an extraordinary remedy" that should be considered when there is newly discovered evidence, clear error, or an intervening changing the law.  *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003)(citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, after requesting that this court enter judgment adopting the state court's judgment, Woolman sets out arguments in favor of amending the state court judgment.  In doing so, Woolman is, for all practical purposes, requesting that this court serve as a court of appeals for the state district court.

According to the Ninth Circuit, when a state action on appeal is removed to district court, the district court is not required to act as an appellate court.  *Resolution Trust Corp.*, 43 F.3d at 1238.  In these cases, the parties may file a motion to amend judgment, pursuant to Fed. R. Civ. P. 59(e), to present issues not previously raised in the state litigation.  *Id.*

This court is not persuaded that Woolman's arguments raise an issue that merits an "extraordinary remedy" under Fed. R. Civ. P. 59(e).  Furthermore, unless there is a federal question or an issue not previously litigated in the state action, this court will not grant a motion to amend.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that appellant Woolman's motion for judgment (doc. # 18) is GRANTED.

IT IS FURTHER ORDERED that appellant Woolman's motion to amend judgment (doc. # 19) is DENIED.

DATED June 8, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**