UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WOOLMAN OVAL HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ESTATE OF MICHAEL A. WEISMAN, et al.,<br><br>  Defendants | 2:09-CV-177 JCM (LRL) |

**ORDER**

Presently before the court is receiver for appellant Washington Mutual Bank, Federal Deposit Insurance Corporation's ("FDIC") motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (doc. #25) and supporting memorandum (doc. #26). Appellant/respondent Woolman Oval Holdings, LLC filed an opposition. (Doc. # 29). FDIC filed a reply. (Doc. #32).

Also before the court is Woolman Oval's motion for writ of execution. (Doc. #28). FDIC filed a motion to quash the writ of execution (doc. #35) and a memorandum in support of the motion (doc. #36). Woolman Oval filed an opposition to the motion, (doc. #38) and FDIC filed a reply (doc. # 39).

Also before the court is Woolman Oval's motion for leave to file a response to FDIC's reply in support of its motion to alter or amend according to FRCP 59(e). (Doc. # 33). FDIC filed an opposition (doc. # 34), and Woolman Oval filed a reply (doc. # 37).

This case arises out of a Nevada state trial court judgment issued on February 22, 2007, against Washington Mutual Bank. The trial court held that Washington Mutual had wrongfully

**James C. Mahan**
**U.S. District Judge**

1  foreclosed on Michael A. Weisman's home, and that it owed Woolan Oval, the company that
2  purchased the foreclosure, certain damages. On September 25, 2008, when the bank failed and FDIC
3  took over, the state trial court's judgment was on appeal to the Nevada Supreme Court. As the case
4  had not been argued, and the judgment was not final, FDIC removed the matter to this court.

5  **Motion to Alter or Amend Judgment**

6  On June 8, 2010, the court entered an order (doc. #24) granting Woolman Oval's motion for
7  judgment (doc. #18), and denying its motion to amend/correct judgment (doc. #19). In its order, the
8  court held that adopting the state court's judgment was proper, since the parties jointly requested it.
9  Further, in denying the motion to amend judgment, the court stated that Woolman Oval's arguments
10 did not rise to a level warranting an "extraordinary remedy" under Fed. R. Civ. P 59(e), and that
11 "unless there is a federal question or an issue not previously litigated" the court will not grant a
12 motion to amend.

13 A motion under Fed. R. Civ P. 59(e) should not be granted absent "highly unusual
14 circumstances." *Carroll v. Nakatini,* 342 F.3d 934, 945 (9th Cir. 2003). In light of a new federal
15 question being interjected in the case, it is appropriate for the court to consider such a question under
16 rule 59(e). *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1238 (9th Cir. 1994);
17 *Resolution Trust Corp. v. Allen,* 16 F.3d 568 (4th Cir. 1994). Specifically, the Ninth Circuit held in
18 *Bayside,* that this approach "allows the district court to consider any new federal questions injected
19 into the case by the addition of Resolution Trust Corporation[1], and require whatever briefing,
20 argument, or hearing it deems necessary to resolve these questions and prepare an adequate record
21 for review on appeal." *Bayside,* 43 F.3d at 1238 (citing *Allen,* 16 F.3d at 573).

22 FDIC filed the present motion to alter or amend the court's judgment on June 21, 2010 (doc.
23 #25 and #26), stating that since it is now present in the litigation, the court may "consider the unique
24 federal issues and defenses that are raised." Pursuant to the case law, and under the Federal Deposit
25 Act, 12 U.S.C. § 1823(e), FDIC asserts a defense that was not previously raised, which makes certain

---

[1] The Resolution Trust Corporation ceased to exist in December of 1995, and the FDIC succeeded in its role and function on January 1, 1996. 12 U.S.C. § 1441a(m)(1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  agreements unenforceable against FDIC as receiver, even if those same agreements might have been
2  enforceable against a depository institution prior to its failure.

3      FDIC asserts that 12 U.S.C. § 1823(e) bars enforcement "of side agreements or conditions
4  that diminish the FDIC-Receiver's interest in an asset it has acquired *unless* the agreement or
5  condition meets *all* four of the statute's requirements." (Emphasis added). Section 1823(e) requires
6  that such an agreement or condition be (1) in writing, (2) signed by the parties, (3) approved by the
7  institution's board or loan committee, and (4) be an official record of the institution. *See* 12 U.S.C.
8  §1823(e). Further, the Ninth Circuit Court of Appeals held that unrecorded, "secret" agreements that
9  fail to meet the requirements above are not enforceable against the FDIC. *FDIC v. Zook Bros.*
10 *Constr'n Co.,* 973 F.2d 1448, 1450 (9th Cir. 1992).

11     In the case before the trial court, the issue came down to whether the foreclosure by the bank
12 was wrongful. The court held that a homeowner's assistance package that the bank sent to the
13 plaintiff rendered the foreclosure wrongful. The plaintiff admitted that he failed to submit the
14 completed package to the bank, but that he understood the package to mean that the bank would not
15 proceed with the foreclosure and would allow him to cure the arrears. Specifically, plaintiff testified
16 that the package indicated to him that the bank was willing to work with him and that he "had three
17 choices." The court ruled on May 20, 2005, holding that the foreclosure was wrongful and that the
18 plaintiff had "relied on his receipt of the Homeowner's Assistance Package in believing that the
19 defendant Washington Mutual would not foreclose on the [property]."

20     FDIC now argues that this homeowner's assistance package is not enforceable against FDIC
21 because, as a condition to the plaintiff's obligation to pay his mortgage in accordance with the terms,
22 it does not meet the criteria listed in 12 U.S.C. § 1823(e). Accordingly, FDIC asserts that the
23 foreclosure was proper and amending the judgment is appropriate.

24     The assistance package did in fact fail to meet the requirements of 12 U.S.C. § 1823(e). It
25 was received by the plaintiff, yet never *signed.* The package requested that the plaintiff complete and
26 return it. This was admittedly never done. Since the plaintiff never submitted any forms or requested
27 documentation, there cannot be said to have been an agreement *approved by the institution's board*
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  *or loan committee.* Moreover, since nothing was received from the plaintiff in response to the
2  assistance package, there is no document that could be deemed *an official record of the institution.*

3  With the addition of the new federal defense raised by FDIC under 12 U.S.C. § 1823(e), the
4  foreclosure was valid and the subsequent sale to Woolman Oval was appropriate. Thus, FDIC, as
5  receiver of Washington Mutual, does not owe any damages to Woolman Oval.

6  Woolman Oval argues that the present motion is moot. However, this court finds that the
7  interests of the parties in relation to the property are a live issue, and that any determination of the
8  court will impact the parties' rights and obligations. Therefore, the court in not inclined to deem the
9  present motion moot.

10 **Motion for Leave to File Response to the FDIC's Reply In Support of the Motion to Alter or**
11 **Amend According to FRCP 59(e)**

12  In Woolman Oval's motion for leave (doc. #33) it asserts that FDIC raised the issue for the
13  first time in its reply (doc. #32), that "Woolman Oval's judgment against Washington Mutual Home
14  Loan is unsecured and must be paid by the FDIC." Woolman Oval argues that in fact the judgment
15  is secured by a supersedeas bond. Further, Woolman Oval states that "if the court relies upon the
16  FDIC's argument raised for the first time in its reply... the court should allow Woolman Oval to
17  respond to these issues."

18  In deciding on the above motion to alter or amend (doc. #32), the court did not consider the
19  issue raised by the FDIC with regards to the secured or unsecured nature of the home loan.
20  Therefore, the court is not inclined to grant leave to file a response.

21 **Motion for Writ of Execution**

22  In receiver FDIC's motion to quash (doc. # 36), it asserts that the motion for writ of
23  execution (doc. #28) is prohibited by multiple provisions of the Financial Institutions Reform,
24  Recovery, and Enforcement Act of 1989 ("FIRREA"). However, in light of this court's
25  determination that the federal defenses raised by FDIC deem the foreclosure and subsequent sale
26  valid and that FDIC does not owe damages to Woolman Oval, there is no judgment upon which to
27  execute. Therefore, the motion for writ of execution and subsequent motion to quash are moot.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that receiver Federal Deposit Insurance Corporation's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. #25) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED that Woolman Oval Holding, LLC's motion for leave to file response to the FDIC'S reply (doc. #33) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED that FDIC's motion to quash request for writ of execution (doc. #35) be, and the same hereby is DENIED as moot.

IT IS THEREFORE ORDERED that Woolman Oval Holding LLC's motion for writ of execution. (Doc. #28) be, and the same hereby is DENIED as moot.

DATED November 9, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**